## UNITED STATES DISTRICT COURT
## NORHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED SOVEREIGN AMERICANS,
INC., et al.,

      *Petitioners*,

vs.                          CASE NO.: 4:24-cv-00327-MW-MAF

CORD BYRD, in his official capacity as
the Florida Secretary of State, et al.,

      *Respondents*.

_____/

## MOTION TO DISMISS PETITION FOR RELIEF IN
## THE FORM OF AN AMENDED WRIT OF MANDAMUS

Respondents Cord Byrd, in his official capacity as the Secretary of State of the

State of Florida, the Florida Division of Elections, and Ashley Moody, in her official

capacity as the Attorney General of the State of Florida (State Respondents), by and

through undersigned counsel and pursuant to Fed. R. Civ. P. 7(b), 12(b)(1), and

12(b)(6) and N.D. Fla. Rule 7.1, and as good cause therefore would show:

1.      Respondents Byrd and Moody are officers of the State of Florida, while

the Florida Division of Elections is an agency of Florida state government.  *See* §

15.01, Fla. Stat.; § 16.01, Fla. Stat.; art. IV, § 10, Fla. Const.; art. XII, § 24, Fla. Const.

2.      On August 27, 2024, Petitioners filed an Amended Form of an Amended

Writ of Mandamus (Petition). ECF 5. Petitioners seek no relief against the State

Respondents other than mandamus. ECF 5 at 53-54.

3.      Petitioners are not entitled to mandamus against State Respondents and the Petition for Amended Writ of Mandamus must be dismissed for the following reasons:

      (a) This Court lacks jurisdiction to enter a writ of mandamus against the State Respondents;

      (b) The acts which Petitioners ask the Court to compel the State Respondents to perform are discretionary in nature and performed by other, independent state officers; and

      (c) Petitioners fail to state a claim upon which relief may be granted.

## MEMORANDUM OF LAW

**I.      This Court Lacks Jurisdiction to Enter a Writ of Mandamus Against the State Respondents.**

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Will v. U.S.,* 389 U.S. 90, 95 (1967); *see also In re Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.,* 471 F.3d 1233, 1258 (11th Cir. 2006). Petitioners request that this Court enter a writ of mandamus compelling the State Respondents to: (a) "ministerially correct the apparent errors evident from the 2022 elections data"; (b) "ascertain to the Court's satisfaction the reasons why the 2022 errors occurred," (c) "prevent those same or similar errors from recurring during the Florida 2024

General Election," (d) "pursuant to permissible causes of action under NVRA and HAVA, [] order that the State of Florida may not certify the 2024 General Election unless and until the relevant Respondents have demonstrated to the Court that the 2024 General Election *and subsequent elections* were conducted in conformity with federal and state law…;" and (e) that the state, and any subdivision thereof responsible for voter registrations, submit voter registration requests (and any existing registrations reasonably in question) to the Department of Homeland Security to verify the citizenship or immigration status of persons seeking registration to vote or who are presently on the state's voter rolls whenever there exist any reliable indicators that an applicant or registered voter may not be a U.S. citizen." ECF 5 at 53-54. Petitioner seeks no other relief from the State Respondents in the Petition. *Id.*

Petitioners assert that this Court has jurisdiction over the State Respondents pursuant to 28 U.S.C. § 1651, the "All Writs Act," and 28 U.S.C. § 1361. ECF 5 at ¶¶ 77, 78. However, 28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereto* to perform a duty owed to the plaintiff." (emphasis added). Federal district courts lack jurisdiction to issue writs of mandamus to compel state officials. *Bailey v. Silberman*, 226 Fed. Appx 922, 924 (11th Cir. 2007), citing to *Moye v. Clerk, DeKalb Cnty Sup. Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Crook v. Mallard*, No. 4:19-cv-381-MW-HTC, 2019 WL 5270235

(N.D. Fla. Sept. 17, 2019), report and recommendation approved 2019 WL 5268557, Oct. 17, 2019. ("[F]ederal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the only relief sought"); *Casey v. Tucker*, No. 2:12-cv-651-FtM-29 DNF, 2012 WL 6615019 at *2 (M.D. Fla. Dec. 19, 2012) (same); *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988) ("The federal courts have no general power to compel action by state officials" and when a plaintiff "expressly [seeks] relief in the nature of mandamus," a federal court lacks jurisdiction to grant such relief). "Federal Mandamus is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Nor does the All Writs Act, 28 U.S.C. § 1651, provide this Court jurisdiction to entertain the Petition for Amended Writ of Mandamus. "[T]he All Writs Act provides 'the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' 28 U.S.C. § 1651(a). "However, the Act does not empower a district court to create jurisdiction where none exists." *Casey v. Tucker*, 2012 WL 6615019 at *2. "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Gehm v. New York Life Ins. Co.*, 992 F.Supp. 209, 211 (E.D. N.Y. 1998).

Petitioners argue that this Court has jurisdiction over its mandamus claim

against the State Respondents because "the Constitution simultaneously delegates the presumptive power to regulate such elections to, in this case the General Assembly of the State of Florida[1] to further delegate as it sees fit to do so by law, the Respondents who are not federal officers per se, become federal officers by agency…" Plaintiffs, however, are unable to cite to any case law, statute, or constitutional provision supporting this novel theory.[2] The Elections Clause and the Electors Clause authorize the *states* to conduct and regulate federal elections as a matter of state action.  Art. I, § 4, cl. 1 & Art. II, § 1, cl. 2, U.S. Const.  If state officials were transformed into federal officials whenever they were responsible for discharging a state duty falling under the penumbra of federal law, thus giving the federal courts jurisdiction to issue writs of mandamus to compel the performance of their duties, there would be ample case law reflecting Petitioner's argument.

Because State Respondents are Florida state officers and a state agency, and because Petitioners allege only a claim for mandamus against them, this Court lacks jurisdiction over the Petition for Amended Writ of Mandamus pursuant to Federal

---

[1] More commonly known in this state as the Florida Legislature.

[2] The Petition for Amended Writ of Mandamus contains numerous citations to case law which Petitioners claim support its allegations. *See e.g.,* ¶ 216, citing to *Adams v. United States*, 317 U.S. 269 (1942), ¶ 217, citing *Wilbur v. U.S.*, 281 U.S. 206 (1930) and *Will v. U.S.*, 389 U.S. 90 (1967), and ¶ 218, citing *Wilbur*, *Decatur v. Paulding*, 39 U.S. 497 (1840), *Kendall v. U.S.*, 37 U.S. 524 (1838), and *Work v. Rives*, 267 U.S. 175 (1925). However, Petitioners can offer no citation to its naked assertion that the State Respondents are somehow transformed into federal officials while carrying out their state duties.

Rule of Civil Procedure 12(b)(1). The Petition must therefore be dismissed as to the State Respondents.

## II.    Petitioners Ask This Court to Compel Respondents to Perform Other State Officers' Discretionary Acts

Even if this Court had jurisdiction to issue writs of mandamus to the State Respondents, it cannot compel the performance of discretionary duties by *other* (non-party) state officials'. *Marbury v. Madison*, 1 Cranch 137, 149 (1803); *see also Lichfield v. Register and Receiver*, 76 U.S. 575, 577 (1869) ("The principle has been so repeatedly decided in this court, that the judiciary cannot interfere [] by mandamus with executive officers such as the respondents here, in the discharge of their official duties, unless those duties are of a character purely ministerial, and involving no exercise of judgment or discretion, that it would seem to be useless to repeat it here").

Petitioners ultimately seek to have the State Respondents comply with the voter registration provisions in the NVRA, HAVA, and Florida law.  ECF 5 at ¶¶ 221-11; *see generally* ECF 5 (alleging problems with accuracy of voter registration rolls). Florida law places those responsibilities with each of Florida's 67 independent Supervisors of Elections. *See e.g.* Fla. Stat. § 98.065; *Bellito v. Snipes*, 935 F.3d 1192, 2010 (11th Cir. 2019). Moreover, what is required is a general program of list maintenance that makes a reasonable effort to keep the rolls clean. *Id.* Florida has done just that. *Id*. Each **Supervisor of Elections** "must conduct a general registration list

maintenance program to protect the integrity of the electoral process by ensuring the maintenance of accurate and current voter registration records in the statewide voter registration system," and that program "must be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965, the National Voter Registration Act of 1993, and the Help America Vote Act of 2002."  Fla. Stat. § 98.065(1).

Further, the ***Supervisors*** must act upon information indicating a registered voter may be ineligible and instigate removal procedures. *See* § 98.075(3)(b), Fla. Stat. ("The supervisor shall remove the name of a deceased registered voter from the statewide voter registration system within 7 days after receipt of a death certificate … .); § 98.075(4), Fla. Stat. ("Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) before the removal of a registered voter from the statewide voter registration system"); § 98.075(5), Fla. Stat. ("Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) before the removal of a registered voter's name from the statewide voter registration system"). And if the process for identification and removal could be ministerial, the Supervisor's determination that a voter is ineligible is fundamentally discretionary, not ministerial, because it is "based upon a preponderance of the evidence." *Id.* at (7)(b).

Petitioners never allege that any of these list maintenance programs were conducted incorrectly. To the contrary, Petitioners simply allege numerical anomalies unlinked to any chain of causation –plausible or not.[3] ECF 5 at ¶ 94. The Petition does not allege that the State Respondents, or the non-party Supervisors of Elections, failed to comply with Florida's list maintenance programs or failed to remove ineligible voters, regardless of whether such compliance is discretionary or ministerial.

The bottom line is that even *if* this Court has jurisdiction to enter the requested writ of mandamus against the State Respondents, and even *if* there is a ministerial,

_____

[3] The list of alleged "registration issues" allegedly uncovered by USA contains numerous discrepancies. For example, paragraph 94 a. of the Petition alleges that "270,804 registrations had invalid addresses," while paragraph 94 m. alleges that "77,063 voters had an invalid or incomplete address on their voter registrations." Paragraph 94 h. alleges that "887 registrations were for individuals older than 110" while paragraph 94 t. alleges that "3 voters were registered as being older than 110." Paragraph 94 j. claims that "19,771 individuals were registered to vote on a Sunday," while paragraph 94 u. claims that "10,132 voters were registered on a Sunday." Paragraph 94 k. alleges that "20,213 individuals were registered to vote on a federal holiday," while paragraph 94 v. claims that "12,207 voters were registered on a federal holiday." The Petition does not explain why voter registrations on a Sunday or federal holiday are invalid. Paragraph 94 l. alleges that "12,912 voter registrations contained an invalid name," while paragraph 94 w. alleges that "7,844 voters had registrations with invalid names." Paragraph 94 b. claims that "10,988 registrations were from a single family home with 10-15 people registered to it;" paragraph 94 n. claims that "3,042 voters had 10-15 voters registered at a single family home." Paragraph 94 c. alleges that "10,988 registrations were from a single apartment or lot with 6-89 people registered to it;" paragraph 94 o. alleges that "2,470 voters had 6-89 voters registered in a single apartment or lot." Paragraph 94 d. alleges "17,096 registrations were illegal duplicates, while paragraph 94 p. alleges that "6,867 voters had illegal duplicate registrations." These inexplicable discrepancies in the same paragraph of the Petition call into doubt the veracity of the "overwhelming evidence of registration issues" allegedly uncovered by USA.

non-discretionary duty to perform the tasks that Petitioners ask this Court to compel by writ of mandamus, Respondents have failed to show that duty is the responsibility of the State Respondents. Thus, the Petition must be dismissed.

### III.   Petitioners Have Failed to Set Forth a Cause of Action for Which Relief Can Be Granted

In the event this Court determines that it has subject matter jurisdiction, it must then determine if Petitioners have stated a claim for which relief can be granted . "When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), the court 'must decide the jurisdictional question first because disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction.'" *Napolean v. Jaddou*, 687 F.Supp. 3d 348, 351 (E.D.N.Y. 2023), *quoting Pressley v. City of N.Y.,* No. 11-CV-03234, 2013 WL 145747, at*5 (E.D.N.Y. Jan. 14, 2013).

To state a cause of action for mandamus, Petitioners "must show: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of [the State Respondents]to do the act in question; and (3) that there is no other adequate remedy available." *Alharbi v. Miller,* 368 F.Supp. 3d 527, 553 (E.D.N.Y. 2019). The Petition's allegations fail to satisfy any of these elements. Petitioners have failed to show a clear right to any of the steps they ask this Court to compel the State Respondents to take. See pages 2-3 supra. Nor have they adequately alleged that

Respondents have a plainly defined and peremptory, or ministerial, duty to perform those acts. Lastly, they have failed to establish that they have no other adequate remedy available. Dismissal is warranted if the Petition relies upon "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Setting aside this Court's lack of subject matter jurisdiction, the Petition for Amended Writ of Mandamus fails to establish a claim for which relief can be granted.

## CONCLUSION

For the reasons set forth above, the Petition for Relief in the Form of an Amended Writ of Mandamus should be dismissed.

Respectfully submitted this 16th day of October 2024.

ASHLEY MOODY
FLORIDA ATTORNEY GENERAL

*/s/ Timothy L. Newhall*
TIMOTHY L. NEWHALL
Senior Assistant Attorney General
Florida Bar No. 391255
Timothy.Newhall@myfloridalegal.com
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL  32399-1050
Phone: (850) 414-3300
Fax: (850) 414-9650

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties this 16th day of October 2024.

/s/ Timothy L. Newhall
Timothy L. Newhall